## United States District Court
### Middle District of Florida
### Orlando Division

ANGELA SMALL,

               Plaintiff,

-vs-                                                  Case No.  6:10-cv-1109-Orl-GJK

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

## MEMORANDUM OF DECISION

On June 11, 2003, Angela Small (hereafter "Claimant") filed an application for Social Security disability insurance benefits, maintaining she became disabled on April 30, 2003.  R. 74-76.  After her application was denied, Claimant requested reconsideration and a hearing was held before Administrative Law Judge (hereafter "ALJ") Gerald F. Murray.  R. 40-42, 45, 63-66. At the hearing, Claimant's counsel informed the ALJ that Claimant desired to amend her application to a closed period of disability from April 1, 2003, to July 22, 2005.  R. 561.  On May 23, 2006, the ALJ entered a decision awarding Claimant disability benefits for a closed period from April 1, 2003 through July 22, 2005.  R. 289-98.

In his decision awarding a closed period of disability, the ALJ cited Dr. George Solomon's records wherein Dr. Solomon "notes that [Claimant] suffers from back pain with join [sic] pain and swelling with gait abnormality, migraines, paresthesias, anxiety, depression, and dizziness."  R. 295.[1]  The ALJ characterized Dr. Solomon's opinion, set forth in a December 17,

---

[1]  Dr. Solomon treated Claimant from February 3, 2004 through April 26, 2005.  R. 295.  Dr. Solomon's December 17, 2004, opinion states that Claimant can work with restrictions to be determined by an orthopedic specialist and is

2004, medical verification form, as indicating that Claimant "was unable to work and that <u>her condition was permanent</u>." R. 295 (emphasis added).  The ALJ also considered Judy Gentile's, a physician's assistant, opinion that Claimant could lift or carry five to ten pounds occasionally and zero to five pounds frequently, would miss more than three days a month from work due to her impairments and Claimant "could not perform a full-time competitive job on a sustained basis." R. 295.

Claimant subsequently filed separate requests for reconsideration and review of the ALJ's decision in August and September 2006.  R. 311, 313.  On March 26, 2008, the Appeals Council entered an order affirming the ALJ's award to Claimant of a closed period of disability, but vacated the ALJ's decision "with respect to the issue of disability since July 23, 2005 . . . ." R. 324.  The Appeals Council remanded the case, directing the ALJ to:

> Offer the clamant [sic] an opportunity for a supplemental hearing or obtain a written waiver of hearing under the guidelines set forth in the Hearings, Appeals and Litigation Law Manual (HALLEX I-2-6-1) and Social Security Ruling 79-19.  The Administrative Law Judge will then address the issue of disability since July 23, 2005 under the steps of the sequential evaluation process for either adults (Social Security Ruling 86-8) or continuing disability review (20 CFR 404.1594(f) and 416.994(b)(5)), whichever is applicable.

R. 325.  The Appeals Council noted that Claimant filed applications for disability benefits under Title II and Title XVI on December 8, 2006, which were pending a hearing.  R. 325.[2]

On September 24, 2008, the ALJ conducted the hearing on remand.  R. 563-584.  Claimant and a vocational expert testified at the hearing.  R. 563-584.  On January 23, 2009, the

---

unable to work any hours until orthopedic evaluation and completion of treatment.  R. 218.  The record does not reflect whether or not Dr. Solomon treated Claimant after April of 2005.

[2]  The ALJ was directed to "associate the claim files and issue a new decision on the associated claims."  R. 326.  The Appeals Council also directed the ALJ to "take any further action needed to complete the administrative record and issue a new decision on the question of disability since July 23, 2005."  R. 326.

ALJ issued his decision, concluding that Claimant "has not been under a disability within the meaning of the Social Security Act from April 1, 2003 through the date of this decision." R. 17. On May 21, 2010, the Appeals Council denied Claimant's request to review the ALJ's decision. R. 10. On July 26, 2010, Claimant filed her appeal with this Court. Doc. No. 1. For the reasons discussed more fully below, the Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g).

## I.   ADMINISTRATIVE PROCEEDINGS

On September 24, 2008, a rehearing was held, pursuant to the Appeals Council's remand order, on the issue of Claimant's disability from July 23, 2005. R. 563. At the beginning of the hearing, Claimant's attorney asked the ALJ: "as I understand it, it's a remand only for the period of July 23rd, 2005 forward, correct?" R. 567. The ALJ responded: "That's my understanding." R. 567. Claimant and a vocational expert, Robert Bradley testified at the rehearing. R. 564.

Claimant testified that she was forty-four years old and lived with her eighteen-year-old son. R. 568. Claimant testified that she graduated high school and, for the past six years, has been attending a community college as a part-time student, recently earning her A.S. degree in office technology. R. 570-72. Claimant further testified that she has problems with her shoulders and lower back, had shooting pain down her legs, sometimes feels tingling in her arms and sometimes cannot move her fingers because they get stiff. R. 574. Claimant testified to frequent headaches, occasional shortness of breath after walking 500 feet, an ability to stand for fifteen minutes before taking a break and an ability to sit for half an hour or less before needing to get up and move around. R. 574-75.

Claimant testified that she attends church services twice a month, does not exercise but is able to bathe, groom and dress herself. R. 576. Claimant testified that she vacuums, washes

dishes, sometimes does the laundry, and her son helps with other chores and grocery shopping. R. 576-77.  Claimant further testified that she feels hopeless and has problems with concentration in the form of "reading and memorizing stuff."  R. 578.

Claimant testified that she currently attends three college classes at the community college "so I don't be [sic] depressed.  I have something to do."  R. 579.  Claimant testified that she missed three or four days per week of school the prior semester because "sometimes I'm depressed and then sometimes I didn't have like gas to go."  R. 579.  Claimant testified that she generally does not have much energy and could not work in an office setting again.  R. 580. Claimant indicated that she stopped taking her depression medication because "it was messing with my, my heart."  R. 580.

Mr. Bradley testified concerning Claimant's work history:  secretary, data entry clerk, mail sorter, tour guide and clerk typist.  R. 566.  The ALJ asked two questions of Mr. Bradley:

> Q  Mr. Bradley, the postural limitations we normally talk about, stooping, crawling, kneeling, that sort of thing, do any of these prior jobs require any of those sorts of postural manipulations?
>
> A   Occasional stooping, no crawling; in terms of kneeling, occasional at the, at the maximum on those jobs.
>
> Q  Okay.  And those are, basically, all sedentary except for the mail sorter and the tour guide?
>
> A  That's correct, Your Honor.
>
> ALJ:  Okay.  All right, thank you.

R. 582-83.  Thus, Mr. Bradley testified that Claimant's prior jobs were primarily sedentary and required only occasional stooping or kneeling, and no crawling.

On January 23, 2009, the ALJ issued a decision denying Claimant's applications for disability benefits.  R. 14-25.  In rendering his decision, the ALJ stated that the "Appeals Council

4

vacated the previous decision and remanded the case for hearing on the issue of disability since July 23, 2005.  As a result, this case is before the undersigned [ALJ] for decision on that issue." R. 17.

The ALJ made the following significant findings:

1. Claimant "meets the insured status requirements of the Social Security Act through September 30, 2010."  R. 19.

2. Claimant has not "engaged in substantial gainful activity since April 1, 2003, the alleged onset date."  R. 19 (internal citations omitted).

3. Claimant has the following severe impairments:  "chronic lumbrosacral strain with moderate mechanical low back pain, bulging lumbar discs with mild left lower extremity S1 radiculopathy and a major depressive disorder, recurrent."  R. 19 (internal citations omitted).

4. Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 22.

5. Claimant has the "residual functional capacity to perform a range of sedentary work:" during an eight hour workday Claimant can occasionally "lift/carry" ten pounds and can frequently "lift/carry" less than ten pounds; Claimant can sit for up to six hours and "stand/walk" up to two hours in an eight-hour workday; Claimant can climb stairs and ramps, but not ladders, ropes or scaffolds; Claimant can balance and crouch, but cannot stoop, kneel, or crawl; Claimant is capable of "appropriate interaction with supervisors, co-workers and the public."  R. 22-23.

6. Claimant can perform her past relevant work as a secretary, data entry clerk and

5

typist.  R. 25.

7.  Claimant has not suffered from a disability, as defined in the Social Security Act, from April 1, 2003, through the date of the decision.  R. 25.

In making his Residual Functional Capacity (hereafter "RFC") finding, the ALJ gave "greater weight" to the opinions of Dr. Gregory Lower, Dr. Alyn Benezette, Dr. Ronald Laundau and Dr. Jeff Oatley.  R. 23.  The ALJ gave "some weight" to "reports of other treating, examining and non-examining medical sources that are consistent with the medical evidence of record, including the RFC and PRT reports from the state medical and psychiatric consultants referenced above."  R. 23-24.  The ALJ also stated that he gave "some weight" to "non-medical source record and opinions that are consistent with the record . . . ."  R. 24.

The ALJ found that Claimant's "statements concerning the intensity, persistence and limiting effects" of her symptoms were not credible to the extent they were inconsistent with his residual functional capacity assessment.  R. 23.  The ALJ then reviewed the medical opinions of record.  R. 24.  The ALJ noted that the reports of Dr. Lower, a consultative examiner, revealed that Claimant had a "moderate lumbar paraspinal muscle spasm from L3 to S1," a negative x-ray of the lumbosacral spine and that Claimant's back condition would "give her difficulty standing for protracted periods, walking long distances, repetitive bending, stooping or lifting in excess of 10 pounds.  The claimant would be rated as a community ambulatory without the aid of an orthopedic assistive device."  R. 24.

The ALJ noted that Dr. Benezette, Claimant's treating physician, stated that he would restrict Claimant to light activities.  R. 24.  The ALJ also pointed out that Dr. Laundau's, a radiologist, opinion of Claimant's MRI was that "there was straightening of the cervical spine that suggested underlying muscular spasm and that . . . claimant's thoracic spine was

6

unremarkable." R. 24. The ALJ further noted that two state consultant's RFC assessments indicated that Claimant "retained the capacity for light work, with some minor postural limitations that did not reduce her ability to perform light exertion." R. 24.

The ALJ indicated that Dr. Oatley diagnosed Claimant with major depression, recurrent, but "reported that she understood the value of money and could correctly compute simple mental purchases. She was capable of managing her own finances." R. 24. The ALJ noted that a state consultant also opined that Claimant "had a severe mental impairment, but she did not have a marked or extreme mental limitation in any area of consideration." R. 24. Finally, the ALJ noted that Claimant "testified to a fair range of activities of daily living." R. 25.

In determining that Claimant is capable of performing her past work as a secretary, data entry clerk and clerk typist, the ALJ relied on the testimony of Mr. Bradley. R. 25. The ALJ also indicated that Mr. Bradley's "testimony is consistent with the information contained in the Dictionary of Occupational Titles." R. 25.

## II.     THE PARTIES' POSITIONS

Claimant raises three issues on appeal: 1) the ALJ erred in finding that Claimant could perform a range of sedentary work because he failed to consider all of Claimant's medical conditions and ignored the opinions of her treating physicians; 2) the ALJ erred in failing to inquire whether the vocational expert's testimony conflicted with the DOT; and 3) the ALJ erred in finding Claimant's statements concerning the intensity, persistence and limiting effects of her symptoms not credible. Doc. No. 11 at 3. Claimant requests the Commissioner's decision be reversed and remanded for an award of disability benefits or remanded for another hearing. Doc. No. 11 at 15.

The Commissioner maintains:  1) the ALJ properly considered and weighed Claimant's treating physician's testimony in light of the scope of remand:  whether Claimant was disabled from July 23, 2005; 2) the ALJ's failure to ask the vocational expert whether his testimony conflicted with the DOT is harmless error because Claimant does not identify any conflicts and the vocational expert's testimony did not, in fact, conflict with the DOT; and 3) the ALJ's determination that Claimant's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible is supported by the record medical evidence.  Doc. No. 12.  Thus, the Commissioner maintains the ALJ's decision should be affirmed.  Doc. No. 12.

## III.   LEGAL STANDARDS

### A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

8

*Id.* (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

C.     REMEDIES

Congress has empowered the District Court to reverse the decision of the Commissioner

without remanding the cause.  42 U.S.C. § 405(g)(Sentence Four).  To remand under sentence

four, the District Court must either find that the Commissioner's decision applies the incorrect

law, fails to provide the court with sufficient reasoning to determine whether the proper law was

applied, or is not supported by substantial evidence.  *Keeton v. Dep't of Health & Human Serv.*,

21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply

correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal

analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991);

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086,

1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record

of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand

appropriate where record was insufficient to affirm, but also was insufficient for District Court to

find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of

disability benefits where the Commissioner has already considered the essential evidence and it

is clear that the cumulative effect of the evidence establishes disability without any doubt.  *Davis

v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord Bowen v. Heckler*, 748 F.2d 629, 631,

636-37 (11th Cir. 1984).  A claimant may also be entitled to an immediate award of benefits

where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir.

1982), or where the ALJ has erred and the record lacks substantial evidence supporting the

conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).  The

District Court may remand a case to the Commissioner for a rehearing under sentences four or

10

six of 42 U.S.C. § 405(g); or under both sentences.  *Jackson*, 99 F.3d at 1089-92, 1095, 1098.

Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-

four remand may be appropriate to allow the Commissioner to explain the basis for his decision.

*Falcon v. Heckler*, 732 F.2d 827, 829- 30 (11th Cir. 1984) (remand was appropriate to allow ALJ

to explain his basis for determining that claimant's depression did not significantly affect her

ability to work).[3]

## IV.  <u>ANALYSIS</u>

Claimant's first argument is two pronged.   First, Claimant argues that the ALJ exceeded

the scope of remand by finding she has not been disabled since April 1, 2003.  Doc. No. 11 at 9-

10.  Although the ALJ stated he found Claimant not disabled since April 1, 2003, the Court does

not find this misstatement of fact requires reversal.   It is clear that the ALJ understood his

determination on remand was limited to whether Claimant has been disabled since July 22, 2005.

*See* R. 17, 567.  Thus, the ALJ's misstatement of fact is harmless error.

Second, Claimant argues that the ALJ's determination that she is not disabled is not

supported by substantial evidence because he did not consider or indicate the weight he gave to

the medical opinions of Dr. Soloman and Ms. Gentile, a physician's assistant, which the ALJ

relied on in awarding Claimant a closed period of disability.  Doc. No. 11 at 10-11.[4]  Claimant

also asserts that the ALJ erred in failing to consider an MRI reading, indicating a "broad-based

---

[3] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation).  After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction.  *Jackson*, 99 F.3d at 1089, 1095.

[4] A physician's assistant's opinion is not "an acceptable medical source" and "cannot establish the existence of an impairment."  *Johnson v. Astrue*, No. 307-cv-424-J-TEM, 2008 WL 4456749 at *5 (M.D. Fla. Sept. 30, 2008).  A physician's assistant's opinion may be considered when determining the severity of a claimant's impairments and how it affects the claimant's ability to work.  20 C.F.R. § 404.1513(d).

disc bulge at L4-5 effacing the ventral epidural fat plane in the central canal and imprinting on the exiting nerve roots." Doc. No. 11 at 11.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, <u>what the claimant can still do despite his or her impairments</u>, and the claimant's physical and mental restrictions, the statement is an opinion  requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In *Winschel*, the Commissioner argued that the ALJ did not err by failing to state the weight he gave to a treating physician's treatment notes and the reasons therefor because they did not constitute an "opinion." *Id*. at *2.  The Eleventh Circuit disagreed because the treatment

12

notes contained "a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a 'statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winchel's] physical or mental restrictions.'" *Id*. at 2 (quoting 20 CFR §§ 404.1527(a)(2), 416.927(a)(2)). Thus, the treating physician's treatment notes constituted an opinion. *Id*. The Eleventh Circuit noted that the ALJ only referenced the treating physician once and did not state the weight given to the treating physician's opinion. *Id*. The Eleventh Circuit reversed stating that "[i]t is possible that the ALJ considered and rejected these . . . medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id*. at *2.

In his decision, the ALJ made a generalized statement that he gave "some weight" to the "reports of other treating, examining and non-examining medical sources that are consistent with the medical evidence of record . . . ." R. 23 (emphasis added). This conclusory statement does not indicate whether the ALJ found Dr. Solomon's opinion to be consistent or inconsistent with "the medical evidence of record," fails to articulate a basis that would support such a finding and fails to state with particularity the weight given to Dr. Solomon's opinion. The ALJ previously characterized Dr. Solomon's opinion as indicating Claimant's condition was permanent. R. 295. The Court cannot tell if the ALJ considered Dr. Solomon's opinion in his most recent decision, the weight given to Dr. Solomon's opinion or the reasons such weight was given. A treating physician's opinion must be given substantial or considerable weight absent good cause. *Winschel*, 631 F.3d at 1179.

Further, the ALJ's conclusory statement that an opinion is inconsistent with or not bolstered by the medical record is insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, *5 (M.D. Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the Court is left in a situation where it has to impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.").[5]

## V.  CONCLUSION

Based on the foregoing, it is **ORDERED** that the Commissioner's decision is **REVERSED and REMANDED**, pursuant to sentence four of Section 405(g).  The Clerk is directed to enter Judgment in favor of Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests the Clerk Mail
or Deliver Copies of this Order to:

Shea Fugate
Law Office of Shea A. Fugate
P.O. Box 940989

---

[5]  Because this issue is dispositive, the Court does not address the other arguments Claimant raises.

14

Maitland, Florida 32794

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida  33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia  30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 300
3505 Lake Lynda Dr.
Orlando, Florida  32817-9801